UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McDONALD WILLIAMS,

    Petitioner,

v.

KENNETH NELSEN,

    Respondent.

Civ. No. 14-5005 (KM)

**MEMORANDUM AND ORDER**

Petitioner, McDonald Williams, was incarcerated as a state prisoner at the time he filed his *pro se* federal habeas petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claimed at the time he filed his petition that he was in state custody beyond the court imposed term as the New Jersey State Parole Board had denied him parole.

On October 8, 2014, the Court ordered respondent to file an answer to the habeas petition within forty-five days. Subsequently, respondent was given until January 12, 2015 in which to file an answer to the habeas petition. On January 12, 2015, the Court received a letter from respondent which states as follows:

> The Department of Corrections has informed me that the Petitioner in this matter, McDonald Williams, was released from Northern State Prison on December 22, 2014. This fact is also reflected in Petitioner's December 24, 2014 letter to the court (Docket No. 8). Therefore, he is no longer within the custody of the Department of Corrections and his habeas petition is now moot.

(Dkt. No. 9.) Thus, respondent's argument appears to be that Williams' habeas petition is moot because of his release from prison such that he is no longer "in custody."

A similar issue was presented before the United States Supreme Court in *Spencer v. Kemna*, 523 U.S. 1 (1998). In that case, the Supreme Court noted that holding a habeas petition moot because he did not satisfy the "in custody" requirement of 28 U.S.C. § 2254 was in error as

1

the "in custody" requirement only requires that the petitioner be "in custody" at the time that the petition is filed. *See Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). In this case, as described above, Mr. Williams was "in custody" at the time he filed his habeas petition. The key issue then in this case is whether Mr. Williams' subsequent release mooted this habeas petition because it no longer presented a case or controversy under Article III, § 2, of the Constitution. *See id.*

Respondent's brief January 12, 2015 letter does not address whether, despite Mr. Williams' release from incarceration, there is any case or controversy remaining—for example, whether his alleged custody past his release date has any ongoing effect on any term of parole. Respondent will therefore be ordered to file a partial answer to the habeas petition focusing on the issue of mootness. The answer will clearly state the petitioner's status, his parole status, the projected date of expiration of parole, and any other facts relevant to mootness. The answer should contain citations to the record as well as to relevant case authority.

Accordingly, IT IS this 13th day of January, 2015,

ORDERED that respondent shall file and serve a partial answer, as described in the preceding paragraph, within twenty-one (21) days of the date of this Memorandum and Order; and it is further

ORDERED that petitioner may file a reply within thirty (30) days after the complete answer is filed in this Court.

KEVIN MCNULTY
United States District Judge

2