UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MCDONALD WILLIAMS,

    Petitioner,

v.

KENNETH NELSEN,

    Respondent.

Civ. No. 14-5005 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

Petitioner, McDonald Williams, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the habeas petition will be denied without prejudice because state remedies have not been exhausted.

### II.    BACKGROUND

In 2013, Mr. Williams was convicted in state court to reckless manslaughter after pleading guilty. He was sentenced to nine years of imprisonment, of which eighty-five percent needed to be served before parole eligibility. At the time of his judgment of conviction, Mr. Williams had already spent 2327 days in custody. In April 2014, a parole panel denied Mr. Williams's application for parole. On June 25, 2014, the full parole board affirmed the panel's denial. Mr. Williams did not appeal. On December 22, 2014, Mr. Williams was released to supervision after serving his maximum sentence.[1]

---

[1] A review of the New Jersey Department of Corrections ("DOC") website indicates that Mr. Williams was back in DOC custody as of August 2, 2016. *See https://www20.state.nj.us/DOC_Inmate/details?x=1324617&n=0* (last visited on October 31, 2016). The precise details of Mr. Williams's placement back into DOC custody are unclear.

In August 2014, this Court received Mr. Williams's federal habeas petition. He claims that he is entitled to immediate release because he had served the maximum sentence imposed by the state court. More specifically, Mr. Williams's petition asserts that he is entitled to release because he has served eighty-five percent of his sentence. Respondent filed a response in opposition which argues the habeas petition should be denied because Mr. Williams has failed to exhaust his state court remedies or because his petition is now moot in light of his release on December 22, 2014. Mr. Williams did not file a reply.

### III.  DISCUSSION

Respondent argues that this Court should dismiss the habeas petition because Mr. Williams's claims are unexhausted. A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). Before seeking habeas relief, a petitioner must fairly present his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "A petitioner can 'fairly present' his claims through (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact

situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)) (footnote omitted). "Even if a state court refuses the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it." *Id.* (citing *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989); *Pursell v. Horn*, 187 F. Supp. 2d 260, 2288 (W.D. Pa. 2002)).

The full parole board issued its decision in June, 2014. New Jersey Court Rule 2:2-3(a)(2) provides that a final decision of any state administrative agency is reviewable, as of right, by the Appellate Division. *See* N.J. CT. R. 2:2-3(a)(2). "The Parole Board is an administrative agency whose final decisions may be appealed to the Appellate Division within the meaning of Rule 2:2-3(a)(2)." *Jones v. Hayman*, No. 06-5725, 2008 WL 2788403, at *4 (D.N.J. June 16, 2008) (citing *Trantino v. N.J. State Parole Bd.*, 166 N.J. 113, 172-73 (2001); *In re Hawley*, 98 N.J. 108, 112 (1984)). Mr. Williams, however, never appealed his parole denial from the full parole board to the Appellate Division (or, of course, sought certification from the New Jersey Supreme Court).

Accordingly, the grounds asserted in this habeas petition are unexhausted, and the petition will be denied without prejudice.[2] *See Pratola v. New Jersey State Parole Board*, No. 14-6405, 2015 WL 7313859, at *2 (D.N.J. Nov. 20, 2015) (dismissing habeas petition challenging denial of parole without prejudice where petitioner failed to exhaust his claims in state court).

---

[2] Respondent also argues that the habeas petition can be dismissed as moot because he was released in December 2014. However, as stated in *supra* note 1, Mr. Williams was re-incarcerated on August 2, 2016 according to the DOC website. It is not entirely clear the precise nature of Mr. Williams's re-incarceration. I therefore do not consider mootness, and dismiss solely on the basis of lack of exhaustion.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons discussed above, Mr. Williams has not met this standard, and this Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the habeas petition is denied without prejudice and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED: November 3, 2016

_____
KEVIN MCNULTY
United States District Judge